Christian T. Zabilowicz (SRN 355341)
5RB,
5 Gray's Inn Square,
London, WC1R 5AH,
United Kingdom
Telephone: (747) 320-7532
Email: chriszabilowicz@5rb.com

*Attorney for Applicant HUMAN ENGINE, Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>HUMAN ENGINE, LTD.,<br><br>Applicant.<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings | Miscellaneous Case No. 3:26-mc-80016<br><br>**HUMAN ENGINE LTD'S MEMORANDUM IN SUPPORT OF ITS *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………………………………............... i

INTRODUCTION…………………………………………………………………................ 1

FACTUAL BACKGROUND……………………………………………….......................... 2

    A.  HUMAN ENGINE is a Leading Boutique Management Consultancy……….. 2

    B.  HUMAN ENGINE Defamed by Anonymous False and Defamatory Review on Glassdoor.co.uk…………………………………………………………………. 3

    C.  HUMAN ENGINE Asked Glassdoor to Remove the Defamatory Review, But Glassdoor Refused…………………………………………………………….. 4

    D.  This Application Seeks Evidence Necessary for HUMAN ENGINE to Proceed with its English Lawsuit Against the Anonymous Person Who Posted the Defamatory Review……………………………………………………….. 5

ARGUMENT…………………………………………………………………………….. 5

I.    28 U.S.C. § 1782 Broadly Allows Discovery in Aid of Foreign Proceedings……. 5

II.   HUMAN ENGINE's Application Easily Satisfies Section 1782's Statutory Requirements……………………………………………………………………... 6

III.  The Supreme Court's Discretionary *Intel* Factors All Weigh in Favor of Granting HUMAN ENGINE's Application……………………………………………… 8

    A.  The First *Intel* Factor is Satisfied: Glassdoor Will Not be a Participant in or Party to the Foreign Proceeding and Therefore the Foreign Tribunal Cannot Compel Glassdoor to Provide Discovery…………………………………….... 8

    B.  The Second *Intel* Factor is Satisfied: The English Court Will Accept, Not Reject, Assistance from Discovery Under Section 1782……………………... 9

    C.  The Third *Intel* Factor is satisfied: HUMAN ENGINE's Request Does Not Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies of the United States………………………………………………………....... 10

    D.  The Fourth *Intel* Factor Is Satisfied: HUMAN ENGINE's Request Is Not Unduly Burdensome…………………………………………………………. 12

CONCLUSION……………………………………………………………………….. 14

# TABLE OF AUTHORITIES

**Cases**                                       **Page(s)**

*IPCom GMBH & Co. KG v. Apple Inc.*,
   61 F. Supp. 3d 919 (N.D. Cal. 2014)……………………………………………… 5

*In re Apple Retail UK Ltd.*,
   No. 20-mc-80109, 2020 WL 3833392 (N.D. Cal. July 8, 2020)……………... 5, 13, 18

*In re Republic of Ecuador*,
   No. 10-mc-80225, 2010 WL 3702427 (N.D. Cal. Sept. 15, 2010)……………... 5, 9

*In re Letters Rogatory from Tokyo Dist.*,
   539 F.2d 1216 (9th Cir. 1976)……………………………………………………... 5

*ZURU, Inc. v. Glassdoor, Inc.*,
   614 F. Supp.3d 697 (N.D. Cal. July 11, 2022) ……………………………………. 6

*IS Prime Ltd. v. Glassdoor, Inc.*,
   No. 21-mc-80178, 2021 WL 5889373 (N.D. Cal. Dec. 13, 2021) ……..… 6, 13, 15, 17

*In re Legatum*,
   No. 21-mc-80032, 2021 WL 706436 (N.D. Cal. Feb. 23, 2021)................. 7, 13, 15, 17

*In re Ex Parte Application of Digital Shape Techs., Inc.*,
   No. 16-mc-80150, 2016 WL 3913670 (N.D. Cal. July 20, 2016)……………. 6, 10, 15

*Digital Shape Techs., Inc. v. Glassdoor, Inc.*,
   No. 16-mc-80150, 2016 WL 5930275 (N.D. Cal. Oct. 12, 2016) ………….. 6, 15,17,18

*In re Application for Appointment of a Comm'r re Req. for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*,
   No. 11-cv-80136, 2011 WL 2747302 (N.D. Cal. July 13, 2011)………… 6, 12, 17, 18

*HRC-Hainan Holding Co. v. Yihan Hu*,
   No. 19-mc-80277, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020) ………………. 10, 16

*In re Yasuda*,
   No. 19-mc-80156, 2020 WL 759404 (N.D. Cal. Feb. 14, 2020) …………………… 11

*Ex Parte ANZ Commodity Trading Pty Ltd.*,
   No. 17-mc-80070, 2017 WL 3334878 (N.D. Cal. Aug. 4, 2017) ………………... 11

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,
   793 F.3d 1108 (9th Cir. 2015) …………….....……………………………….………… 11

*London v. Does*,
   279 F. App'x 513 (9th Cir. 2008)……………………………………………………… 12

*In re Ex Parte Motorola Mobility, LLC*,
   No. 12-cv-80243, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ……………… 12, 14

*Siemens AG v. W. Digital Corp.*,
   No. 13-cv-1407, 2013 WL 5947973 (C.D. Cal. Nov. 4, 2013) …………………….. 13

*In re Varian Med. Sys. Int'l AG*,
   No. 16-mc-80048, 2016 WL 1161568 (N.D. Cal. Mar. 24, 2016) …………...… 13, 14

*Heraeus Kulzer GmBH v. Biomet, Inc.*,
   633 F.3d 591 (7th Cir. 2011)…………......................................................…….13

*Qualcomm, Corp. v. Apple, Inc.*,
   No. 24-mc-80019, 2024 WL 536355 (N.D. Cal. Feb. 9, 2024)……………………... 13

*In re Application of Credit Suisse Virtuoso*,
   No. 21-mc-80308, 2022 WL 1786050 (N.D. Cal. Jun. 1, 2022) ……………….…… 13

*In re Application of JSC Comm. Bank Privatbank*,
   No.21-mc-80216, 2021 WL 4355334 (N.D. Cal. Sept. 24, 2021)…………………... 13

*South Carolina Co. v. Assurantie N.V.*
   [1987] 1 A.C. 24 (HL)………………………………………………………………. 14

*BHP Group (UK) Ltd & Anor v. PGMBM Law Ltd*
   [2025] EWHC 3153 (TCC) ………………………………………………………….14

*Franklin v. Madden*,
   586 F. App'x 431 (9th Cir. 2014)……………………………………………...…… 16

*In re Application of Joint Stock Co. Raiffeinsenbank*,
   No. 16-mc-80203, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016) ……………………16

*In re Letters Rogatory from Tokyo Dist. Prosecutor's Office*,
   16 F.3d 1016 (9th Cir. 1994) ………………………………………………………..16

*Hey, Inc. v. Twitter, Inc.*,
    No. 22-mc-80034, 2022 WL 1157490 (N.D. Cal. 19 Apr., 2022)............,,,,,.........16

**Statutes**

28 U.S.C. § 1782 ...……………………...…………………………………… 5, 9, 14, 18

# INTRODUCTION

Applicant HUMAN ENGINE, Ltd. (hereinafter "HUMAN ENGINE") submits this Memorandum of Law in support of its *Ex Parte*[1] Application for an Order pursuant to 28 U.S.C. § 1782 requesting limited third-party discovery from Glassdoor, LLC ("Glassdoor") to aid foreign litigation in the jurisdiction of England and Wales. Specifically, HUMAN ENGINE requests discovery for an English defamation case against the person who posted a false and highly defamatory "review" on the website Glassdoor.co.uk (which is operated by Glassdoor) that defames HUMAN ENGINE by making serious allegations of sexism, racism, mistreating clients, corrupt promotion practices, and fostering a toxic workplace.

HUMAN ENGINE files this Section 1782 Application because critical evidence necessary for its English defamation action is only available in this jurisdiction; an English Court would be unable to compel Glassdoor (a U.S. corporation) to produce the evidence HUMAN ENGINE seeks. By way of background, HUMAN ENGINE alleges that a person posted a "review" on Glassdoor.co.uk which defames HUMAN ENGINE. But because Glassdoor allowed the person to post the review anonymously, Glassdoor—and only Glassdoor—possesses the information that would reveal identifying information about the person, such as their name, email address and the IP address used to post the defamatory review. In short, HUMAN ENGINE has filed its Application to obtain limited discovery that would reveal information which is critical to HUMAN ENGINE's lawsuit in England.

As explained below, HUMAN ENGINE satisfies all of the Section 1782 statutory requirements, and all discretionary factors that courts consider in evaluating Section 1782 applications weigh in favor of granting HUMAN ENGINE's Application. In similar circumstances, courts have routinely granted Section 1782 relief, including in respect of

---

[1] "Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an ex parte basis, since 'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020) (quoting *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014); see also *In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010); *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976).

those seeking discovery from Glassdoor to identify anonymous reviewers for the purpose of contemplated defamation proceedings in a foreign jurisdiction.  *See, e.g., ZURU, Inc. v. Glassdoor, Inc.*, 614 F. Supp.3d 697, 709 (N.D. Cal. July 11, 2022) (granting Section 1782 discovery from Glassdoor to identify the author of an anonymous review for use in contemplated defamation proceedings in New Zealand); *IS Prime Ltd. v. Glassdoor, Inc.*, No. 21-mc-80178, 2021 WL 5889373, at *3-4 (N.D. Cal. Dec. 13, 2021) (granting Section 1782 discovery from Glassdoor to identify the author of an anonymous review for use in a contemplated "malicious falsehood" claim in England); *In re Legatum*, No. 21-mc-80032, 2021 WL 706436, at *3 (N.D. Cal. Feb. 23, 2021) (granting discovery from Glassdoor under Section 1782); *Digital Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-mc-80150, 2016 WL 5930275, at *2 (N.D. Cal. Oct. 12, 2016) (same); *In re Ex Parte Application of Digital Shape Techs., Inc.*, No. 16-mc-80150, 2016 WL 3913670, at *3 (N.D. Cal. July 20, 2016) (same)*; In re Application for Appointment of a Comm'r re Req. for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*, No. 11-cv-80136, 2011 WL 2747302, at *5 (N.D. Cal. July 13, 2011) (same; WordPress.com).  The Court should grant HUMAN ENGINE's Application.

## FACTUAL BACKGROUND

### A. HUMAN ENGINE is a Leading Boutique Management Consultancy

Applicant HUMAN ENGINE is a leading management consultancy based in the United Kingdom with specialisms in strategy, change, digital, commercial, procurement and projects.  (Noble Decl. ¶ 3.)   Established in 2018 by an experienced team of former senior local government leaders, HUMAN ENGINE has since built a strong reputation for delivering transformative solutions to local authorities, central government departments and National Health Service ("NHS") organizations across the United Kingdom.  (*Id*.)

HUMAN ENGINE's work is grounded in improving outcomes for customers and communities through the transformation of strategies, operations and organizational cultures. (Noble Decl. ¶ 4.)   This approach has earned HUMAN ENGINE national

recognition, including being named by the Financial Times as one of the UK's leading management consultancies and being ranked among the top 25 firms in Organizational Change, Sustainability, and People & Performance. (*Id*.)  HUMAN ENGINE's mission is "to help individuals and organizations do the best work of their lives." (*Id*.)

HUMAN ENGINE is a small but fast-growing firm, employing 12 professionals. (Noble Decl. ¶ 5.)  Its success depends heavily on trust, repeat instructions from satisfied clients and the recruitment of highly capable individuals in a competitive market. (*Id*.)  Any harm to its reputation has a direct and measurable impact on its ability to win new work, maintain client relationships and attract and retain the talent necessary to continue its growth. (*Id*.)

**B. HUMAN ENGINE Defamed by Anonymous False and Defamatory Review on Glassdoor.co.uk**

On 4 March 2025, an anonymous person posted a false and disparaging review on Glassdoor.co.uk (which is operated by Glassdoor) about HUMAN ENGINE, purporting to have been written by a "Former employee". (Greenberg Decl. ¶¶ 4-7 & Ex. 1.)  A copy of the review is attached as **Exhibit 1** to the Greenberg Declaration (the "Review").  The Review alleges that HUMAN ENGINE and its leadership: (i) "[lack] basic management competence" and "basic professionalism", "know nothing", and "throw [their employees] in the deep end and watch them drown"; (ii) mistreat clients and disparage them, including by "badmouthing" and "swearing" about them; (iii) engage in dishonest and unfair business practices, such as only promoting employees that "worship" senior leadership and favoring senior leadership to the detriment of junior employees; and (iv) tolerate and normalize discriminatory behavior in the workplace, including by being "casually sexist" toward women and "racist without even realising it". (Greenberg Decl. ¶ 9.)

These imputations convey false (purported) facts.[2] For the reasons set out in the Greenberg Declaration, the imputations contained in the Review give rise to an actionable claim for defamation in England by HUMAN ENGINE against the reviewer. (Greenberg Decl. ¶ 8-10.) The Review makes serious allegations about HUMAN ENGINE, including allegations that impugn the honesty and fairness of the company's business practices (such as its promotion practices), its treatment of employees (including allegations of sexism and racism) and its treatment of clients (including "badmouthing" and "swearing" about them). (*Id*. ¶ 9.) English courts have recognised that imputations of this nature are capable of giving rise to a prima facie claim in defamation. (Greenberg Decl. ¶ ¶ 8–9.).

### C. HUMAN ENGINE Asked Glassdoor to Remove the Defamatory Review, But Glassdoor Refused

On September 17, 2025, the law firm Cohen Davis Solicitors ("Cohen Davis"), which represent HUMAN ENGINE in England, wrote to Glassdoor requesting that it remove the defamatory Review. (Greenberg Decl. ¶ 12 & Ex. 5.) In support of its request, Cohen Davis explained how the Review is defamatory and how it violated Glassdoor's Terms of Use. On October 10, 2025, Glassdoor responded, refusing to take action against the defamatory Review. (*Id*. ¶ 13 & Ex. 6.)

Upon receiving that response, Cohen Davis considered following up with Glassdoor to request, at a minimum, the disclosure of the anonymous reviewer's identity so that action could be taken against the person who posted the Review directly. (*Id*. ¶ 14.) However, Cohen Davis concluded that such an effort would be futile and unnecessarily increase its client's costs—Glassdoor stated in its response that "it would not take additional steps in this instance (beyond existing practices)" and, indeed, Glassdoor maintains a published policy of refusing to identify anonymous reviewers when an employer requests disclosure or threatens legal action. (14 & Ex. 7.)

---

[2] As the California Court of Appeal has explained, Glassdoor's "emphasis on providing 'information' [] strongly intimate[s] factual material [is] included" in "reviews" on the site. *ZL Techs., Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 626 (2017).

**D. This Application Seeks Evidence Necessary for HUMAN ENGINE to Proceed with its English Lawsuit Against the Anonymous Person Who Posted the Defamatory Review**

HUMAN ENGINE is preparing to file an action for defamation in the High Court of England and Wales against the person who *posted* the Review. (Greenberg Decl. 11.) In order to do so, however, HUMAN ENGINE must first obtain information—such as the name, email account and IP address—identifying the person responsible for the Review. (*Id*.) Because Glassdoor is the only entity that possesses this information—and because Glassdoor has indicated that it will not take any further action in respect of the Review and it has a published policy of refusing to identify anonymous reviewers when requests are made or legal action is threatened—a court order compelling third-party discovery from Glassdoor is necessary. (*Id*. ¶¶ 14-15 & Ex. 7.)

## ARGUMENT

### I.  28 U.S.C. § 1782 Broadly Allows Discovery in Aid of Foreign Proceedings

Section 1782 provides, in pertinent part, that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal ... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced[.]

28 U.S.C. § 1782(a). Thus, Section 1782 authorizes federal courts to grant an application for discovery as long as three statutory requirements are satisfied: **(1)** the person from whom discovery is sought resides or is found in the district of the district court where the application is made; **(2)** the discovery is for use in a proceeding before a foreign tribunal; and **(3)** the application is made by an interested person.  *Id.*; *In re Republic of Ecuador*, No. 10-mc-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010). "Once those three statutory requirements are met, a district court has wide discretion to grant discovery under [Section] 1782." *HRC-Hainan Holding Co. v. Yihan Hu*, No. 19-mc-80277, 2020 WL

906719, at *3 (N.D. Cal. Feb. 25, 2020). "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings," but allows discovery for use in foreign proceedings that have not yet commenced. *Intel*, 542 U.S. at 258, 259.

In exercising its discretion to grant discovery, district courts consider four factors identified by the Supreme Court in *Intel*: **(1)** whether the person from whom discovery sought is a participant in the foreign proceeding; **(2)** the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance; **(3)** whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and **(4)** whether the request is unduly burdensome. *Intel*, 542 U.S. at 264-65.

As explained below, because HUMAN ENGINE's Application easily satisfies all three statutory Section 1782 requirements and all four discretionary *Intel* factors weigh in HUMAN ENGINE's favor, the Court should grant HUMAN ENGINE's Application for limited discovery.

**II. HUMAN ENGINE's Application Easily Satisfies Section 1782's Statutory Requirements.**

HUMAN ENGINE's Application for a narrow subpoena to Glassdoor easily satisfies Section 1782's three statutory requirements.

**First**, HUMAN ENGINE seeks discovery from a legal person that resides within this district. Glassdoor resides or is found within this district because it is headquartered and has its principal offices in San Francisco County, California, which is in this district. (Greenberg Decl. ¶ 3, n.1.) Under settled law, "[a] business entity is 'found' in the judicial district where it has its principal place of business." *See, e.g., In re Ex Parte Application of Digital Shape Techs., Inc.*, No. 16-mc-80150, 2016 WL 3913670, at *3 (N.D. Cal. Jul. 20, 2016) (authorizing Section 1782 discovery from Glassdoor and recognizing that "Glassdoor's principal place of business is ... within the Northern District of California"). Indeed, Glassdoor's own website confirms that its headquarters is in San Francisco County,

California, and further states that its users must "agree that all [] subpoenas and discovery proceedings arising from such subpoenas shall be issued from, brought and resolved exclusively in … the federal courts in the Northern District of California." Glassdoor, *How Do I Serve Legal Documents on Glassdoor?*, Glassdoor Help Center (last visited Jan. 12, 2026), https://help.glassdoor.com/s/article/How-do-I-serve-legal-documents-on-Glassdoor?language=en_US ("…Glassdoor's headquarters (where we keep our records) is in San Francisco County, California."); Glassdoor, *Terms of Use* § 13 (last visited Jan. 12, 2026), https://www.glassdoor.com/about/terms.htm; Greenberg Decl. ¶ 3 & Ex. 2.  Accordingly, Glassdoor resides or is found in this district for Section 1782 purposes.

**Second**, HUMAN ENGINE's Application seeks discovery for use in a proceeding before a foreign tribunal, namely, the High Court of Justice of England and Wales.  As the U.S. Supreme Court has explained, the requisite foreign proceeding "need not be 'pending' or 'imminent'"; rather, "the 'proceeding' for which discovery is sought under § 1782(a)" need only be "in reasonable contemplation." *Intel*, 542 U.S. at 247; *accord In re Yasuda*, No. 19-mc-80156, 2020 WL 759404, at *4 (N.D. Cal. Feb. 14, 2020); *Ex Parte ANZ Commodity Trading Pty Ltd.*, No. 17-mc-80070, 2017 WL 3334878, at *3 (N.D. Cal. Aug. 4, 2017) ("It is of no import that [Applicant] has not yet filed suit[.]").  Here, as described above, HUMAN ENGINE intends to file a defamation action in the High Court of England and Wales immediately upon obtaining discovery from Glassdoor revealing the identity of the person who defamed HUMAN ENGINE in the defamatory Review (Noble Decl. ¶ 15; Greenberg Decl. ¶ 11.)  As such, HUMAN ENGINE's defamation action is "in reasonable contemplation" and this requirement is satisfied.

**Third**, HUMAN ENGINE, as the anticipated plaintiff in the foreign action, qualifies as an "interested party" entitled to seek discovery under Section 1782.  As the Supreme Court has explained, there is "[n]o doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." *Intel*, 542 U.S. at 256; *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir.

2015) ("An 'interested person' seeking to invoke the discovery mechanism set forth under § 1782 may include 'not only litigants before foreign or international tribunals, but also ... any other person [who] ... merely possess[es] a reasonable interest in obtaining [judicial] assistance.'" (quoting *Intel*, 542 U.S. at 256-57)). As such, the final statutory requirement is satisfied.

### III. The Supreme Court's Discretionary *Intel* Factors All Weigh in Favor of Granting HUMAN ENGINE's Application

All of the discretionary *Intel* factors likewise demonstrate that the Court should grant HUMAN ENGINE's Application for limited discovery from Glassdoor.

#### A. The First *Intel* Factor is Satisfied: Glassdoor Will Not be a Participant in or Party to the Foreign Proceeding and Therefore the Foreign Tribunal Cannot Compel Glassdoor to Provide Discovery.

The first *Intel* factor weighs in favor of discovery in the instant case because Glassdoor will not be involved in the foreign proceeding. As the Supreme Court explained, "nonparticipants in [a] foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264; *see also, e.g.*, *London v. Does*, 279 F. App'x 513, 515 (9th Cir. 2008) (granting application; explaining that "[a]bsent this [Section 1782] discovery, the evidence sought may be unattainable [in] the [foreign] court while it is within the district court's jurisdiction and accessible in the United States."); *In re Ex Parte Motorola Mobility, LLC*, No. 12-cv-80243, 2012 WL 4936609, at *2 (N.D. Cal. Oct. 17, 2012) (same); *In re Application for Appointment of a Comm'r re Req. for Judicial Assistance for the Issuance of Subpoena Pursuant to 28 U.S.C. 1782*, No. 11-cv-80136, 2011 WL 2747302, at *5 (N.D. Cal. July 13, 2011).

Here, Glassdoor will not be a participant in or a party to HUMAN ENGINE's claim against its purported former employee in England. Therefore, the English court would be unable to compel Glassdoor (a U.S. corporation) to produce discovery, rendering this

Application the only mechanism through which HUMAN ENGINE can obtain information necessary to bring its English lawsuit. This factor thus weighs heavily in favor of granting HUMAN ENGINE's Application.

**B. The Second *Intel* Factor is Satisfied: The English Court Will Accept, Not Reject, Assistance from Discovery Under Section 1782.**

The second *Intel* factor—the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign government to U.S. federal court judicial assistance—weighs in favor of discovery where, as here, there is no "'authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782.'" *Siemens AG v. W. Digital Corp.*, No. 13-cv-1407, 2013 WL 5947973, at *3 (C.D. Cal. Nov. 4, 2013); *accord In re Apple Retail UK Ltd.*, No. 20-mc-80109, 2020 WL 3833392, at *2 (N.D. Cal. July 8, 2020). Moreover, in evaluating this factor, courts must "err on the side of permitting discovery." *In re Varian Med. Sys. Int'l AG*, No. 16-mc-80048, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (citing *Heraeus Kulzer GmBH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (reversing denial of Section 1782 application because "there is nothing to suggest that the [foreign] court would be affronted by [plaintiff's] recourse to U.S. discovery or would refuse to admit any evidence")).

Notably, district courts routinely grant requests for discovery under Section 1782 for use in foreign litigation in England. *See, e.g., Qualcomm, Corp. v. Apple, Inc.*, No. 24-mc-80019, 2024 WL 536355, at *1 (N.D. Cal. Feb. 9, 2024); *In re Application of Credit Suisse Virtuoso*, No. 21-mc-80308, 2022 WL 1786050, at *10-11 (N.D. Cal. Jun. 1, 2022); *IS Prime Limited v. Glassdoor, Inc.*, No. 21-mc-80178, 2021 WL 5889373, at *3-4 (N.D. Cal. Dec. 13, 2021); *In re Application of JSC Comm. Bank Privatbank*, No.21-mc-80216, 2021 WL 4355334, at *1-4 (N.D. Cal. Sept. 24, 2021); *In re Ex Parte Application of Legatum*, No. 21-mc-80032, 2021 WL 706436, at *3 (N.D. Cal. Feb. 23, 2021). Further, as explained in the Declaration of Paul Greenberg, English courts are receptive to receiving evidence from U.S. courts under Section 1782 and would be so receptive in this matter. (Greenberg

Decl. ¶ 16-19.) Indeed, the House of Lords in *South Carolina Co. v. Assurantie N.V.* [1987] 1 A.C. 24, 42 (HL)—the "leading authority" on the issue—expressly held that a party does nothing wrong "by seeking to exercise a right potentially available to them under the Federal law of the United States [under 28 U.S.C. § 1782]," and such applications do not "in any way depart[] from, or interfere[] with, the procedure of the English Court". (*Id*. ¶ 17 & Ex. 8.) Other English courts are in accord, with the English High Court stating very recently in *BHP Group (UK) Ltd & Anor v. PGMBM Law Ltd* [2025] EWHC 3153 (TCC) that parties in England are "entitled to make use" of the Section 1782 procedure, including where a party obtains discovery that would otherwise be unavailable in England. (*Id*. ¶ 18 & Ex. 9.)

Thus, the second Intel factor weighs heavily in favor of granting HUMAN ENGINE's Application because HUMAN ENGINE seeks discovery for use in litigation in England, and not only is there no authoritative evidence that the English court would reject evidence obtained pursuant to Section 1782, but, in fact, it is clear that an English court will readily accept such evidence. (*Id*. ¶¶ 16-19.)

**C. The Third *Intel* Factor is Satisfied: HUMAN ENGINE's Request Does Not Attempt to Circumvent Foreign Proof-Gathering Restrictions or Policies of the United States.**

The third *Intel* factor weighs in favor of discovery where there is no evidence in the record that an application "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264-65; *In re Motorola Mobility*, 2012 WL 4936609, at *2; *In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568 at *5. Absent a bad-faith attempt to undermine any restrictions or policies, this factor weighs in favor of allowing discovery—even if the documents sought would not be discoverable in the foreign jurisdiction. *Intel*, 542 U.S. at 260-63.

Here, HUMAN ENGINE's counsel in England is unaware of any restrictions under English law on proof-gathering that would prohibit obtaining the discovery sought through

this Application. (Greenberg Decl. ¶ 19.) Moreover, the requested discovery would not circumvent any policies of the United States. To the contrary, U.S. district courts routinely grant applications under Section 1782 authorizing discovery from Glassdoor for documents identifying an anonymous author of a review for use in contemplated foreign defamation (or similar) proceedings, without finding that such discovery circumvents U.S. policies. *See, e.g., ZURU, Inc.*, 614 F. Supp. 3d 709 (authorizing § 1782 discovery to identify the author of an anonymous Glassdoor review for use in contemplated defamation proceedings in New Zealand); *IS Prime Ltd.*, 2021 WL 5889373, at *4 (same, for a contemplated malicious falsehood claim in England); *In re Legatum*, 2021 WL 706436, at *3 (granting discovery from Glassdoor under Section 1782); *Digital Shape Techs., Inc.*, 2016 WL 5930275, at *2 (same); *In re Ex Parte Application of Digital Shape Techs., Inc.*, 2016 WL 3913670, at *3 (same).

The Ninth Circuit recently made clear that a "relatively permissive approach" should be adopted at the Section 1782 application stage where, as here, the record contains no indication that the person whose identity is sought is a U.S. citizen or is present in the United States. *In re Ex Parte Application of Gregory Gliner*, 133 F.4th 927, 935 (9th Cir. 2025) (reversing the denial of discovery under Section 1782 from a California-based company for use in foreign defamation proceedings because "no evidence in the current record suggests the implication or infringement of any person's First Amendment rights"). That is precisely the situation here. The Application seeks to identify the author of an anonymous Glassdoor review in which the reviewer self-identifies as a former employee of HUMAN ENGINE. (Greenberg Decl. ¶ 3 & Ex. 1.) There is no evidence that this person is a U.S. citizen or is present in the United States. To the contrary, the record demonstrates that HUMAN ENGINE is a United Kingdom-based company with no international offices, no current or former employees based outside the UK, and an exclusively UK client base. (Noble Decl. ¶ 3.) Given these facts, the most reasonable inference is that the reviewer is likewise based in the United Kingdom, not the United States. In the absence of any

indication that the anonymous author of the Review is a U.S. citizen or is present in the United States, the First Amendment concerns do not arise. As the Ninth Circuit explained, where "no evidence suggests that the … author is a U.S. citizen or is present in the United States," discovery under § 1782 should be authorized, leaving "any parties whose First Amendment rights may be affected to contest the subpoenas by filing a motion to quash or modify them." *In re Ex Parte Application of Gregory Gliner*, 133 F.4th, 935. Accordingly, the third *Intel* factor weighs heavily in favor of granting HUMAN ENGINE's Application.

### D. The Fourth *Intel* Factor Is Satisfied: HUMAN ENGINE's Request Is Not Unduly Burdensome.

The fourth *Intel* factor weighs in favor of discovery where an applicant's discovery request is not "unduly intrusive or burdensome," *Intel*, 542 U.S. at 265, as "determined by the Federal Rules of Civil Procedure," *In re Application of Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) (citing *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994)). Under the applicable ordinary discovery rules, "[d]iscovery 'is permitted if reasonably calculated to lead to the discovery of admissible evidence.'" *HRC-Hainan Holding Co.*, 2020 WL 906719, at *11 (quoting *Franklin v. Madden*, 586 F. App'x 431, 432 (9th Cir. 2014)).

Critically, as relevant here, U.S. courts have repeatedly found that this factor weighs in favor of granting a Section 1782 application in circumstances where the applicant seeks limited discovery from a website operator to reveal the identity of a person who used the website to allegedly infringe the applicant's rights. *See, e.g., Hey, Inc. v. Twitter, Inc.*, No. 22-mc-80034, 2022 WL 1157490, at *2-4 (N.D. Cal. 19 Apr., 2022) (granting Section 1782 application subpoena seeking "documents identifying the user(s) of the three [Twitter] accounts; names and addresses of credit card holders registered on the accounts; and access logs for the dates the tweets in question were posted," and holding that the "discovery is appropriately tailored to documents and information identifying the individual(s)

responsible" for the alleged wrongful conduct); *IS Prime Ltd.*, 2021 WL 5889373, at *3-4 (granting application for discovery from Glassdoor seeking "documents identifying or that could be used to identify the individual(s) who posted [allegedly defamatory] reviews"); *In re Legatum*, No. 21-mc-80032, 2021 WL 706436, at *3 (N.D. Cal. Feb. 23, 2021) (similar; granting application for discovery from Glassdoor seeking documents reflecting "identifying information such as IP addresses" of persons who made allegedly disparaging posts); *Digital Shape Techs., Inc. v. Glassdoor, Inc.*, No. 16-mc-80150, 2016 WL 5930275, at *2 (N.D. Cal. Oct. 12, 2016) (compelling Glassdoor to produce "[d]ocuments sufficient to show the email address and IP address of the user who posted [an allegedly defamatory review]" because (1) "[t]he email and IP addresses associated with the [] review are relevant to Petitioners' defamation claim based on that review" and (2) the request was not unduly burdensome); *In re Application for Appointment of a Comm'r*, 2011 WL 2747302, at *1, 5 (granting application for discovery from WordPress.com "to identify the individual(s) who authored an anonymous blog on WordPress.com's blog-hosting service" and explaining that (1) "[t]he information requested is relevant to [the applicant's] allegations [against the anonymous blogger] and the identity of [the anonymous blogger] is otherwise unattainable, given that the relevant posts were made through WordPress.com's servers" and (2) "the request is not unduly intrusive or burdensome because it seeks to gather only identifying information for the accounts, such as the names and addresses of the users").

Here, HUMAN ENGINE's Application seeks narrow discovery from Glassdoor, namely, documents sufficient to show the identity of (or identifying information about) the person who posted the defamatory Review. This information—tending to show the identity of the person who posted the defamatory Review—is not only relevant, but is absolutely necessary for HUMAN ENGINE's defamation action in England. Moreover, HUMAN ENGINE's Application does not broadly seek Glassdoor's communications, but only seeks documents sufficient to show the name, email address and IP address of the person who

posted the defamatory Review. Courts have routinely approved such requests as not unduly burdensome. *See, e.g., Digital Shape Techs., Inc.*, 2016 WL 5930275, at *2; *In re Application for Appointment of a Comm'r*, 2011 WL 2747302, at *5; *In re Apple Retail UK Limited*, 2020 WL 3833392, at *4.

Accordingly, the fourth *Intel* factor weighs in favor of granting HUMAN ENGINE's Application.

## **CONCLUSION**

For the foregoing reasons, HUMAN ENGINE respectfully requests that the Court grant its Application and issue an order pursuant to 28 U.S.C. § 1782 authorizing the issuance of the subpoena attached to HUMAN ENGINE's Application as **Exhibit B**. A Proposed Order is attached to HUMAN ENGINE's Application as **Exhibit A**.

Dated:   January 21, 2026            5RB

*/s/ Christian T. Zabilowicz*
Christian T. Zabilowicz (SBN 355341)
*Attorney for Applicant Human Engine, Ltd.*